UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
JAMES PETTUS,

                                    Plaintiff,

   -v.-                                                     9:06-CV-0996
                                                                         (GLS)(GHL)

JOHN DOE, Correctional Officer; SHANE BOUCHARD;
JUNE E. BURTT; CYNTHIA ERVOLINA; VALERIA
GROVER; C. CARR; MAUREEN HARTMAN;
AAG'S, Employed at the Capitol Office, Albany, NY,

                                    Defendants.
--------------------------------------------------------------------------------
APPEARANCES:

JAMES PETTUS
03-R-3597
Great Meadow Correctional Facility
Comstock, New York 12821-0051
Plaintiff, *pro se*

GARY L. SHARPE,
U.S. DISTRICT JUDGE

## **DECISION and ORDER**

**I. Background**

      Presently before the Court is an amended complaint filed by plaintiff

James Pettus.  Dkt. No. 12.  This amended complaint was filed by Pettus in

compliance with the Order issued by this Court on September 28, 2006

("September Order").[1]  Dkt. No. 6.

The Court finds that Pettus' amended complaint substantially cures the defects contained in his original complaint.  However, as is more fully discussed below, plaintiff must pay the the full filing fee of $350.00 or this action will be dismissed.

## II.  The Amended Complaint

In its September Order, the Court advised Pettus that he must set forth allegations of personal involvement by each defendant.  *Id.* at 4, n.3.

In his amended complaint, Pettus claims that an unidentified correctional officer assaulted him in the draft room at Elmira Correctional Facility in April of 2005 and four unidentified correctional officers did not intervene.  Dkt. No. 12 at 7.  Pettus names five defendants - Ham, Hartman, White, Ebert, and Hawkins - who he claims were working in the draft room on the day of the alleged assault.[2]  *Id.* at 8.  Pettus is unable, however, to "place name to officer" and identify the defendant who assaulted him or the defendants who witnessed the assault and did not intervene.  Pettus is

---

[1] Pettus appealed the September Order to the United States Court of Appeals for the Second Circuit.  Dkt. No. 7.  On February 20, 2007, the Second Circuit issued a mandate dismissing the appeal because it lacked an arguable basis in law or fact.  Dkt. No. 10.

[2] Pettus does not name any of the previously named defendants in his amended complaint.  Accordingly, these individuals are dismissed as defendants in this action.

advised that he must take reasonable steps to ascertain the identities of the individuals who are alleged to have violated his constitutional rights. Pettus must then file a motion to amend his complaint and set forth specific factual allegations against each named defendant, identifying the role each defendant played in the assault on him.

**II. Plaintiff Must Pay the Filing Fee**

   **A.  The "Three Strikes" Rule - 28 U.S.C. § 1915(g)**

Pettus was previously granted leave to proceed with this action *in forma pauperis*. Dkt. No. 6. However, the Court has become aware that such a determination was improvident. Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two-step process. First, the court must determine whether the plaintiff may proceed with the action without prepaying, in full, the filing fee. The court must then consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

This Court has determined that Pettus' financial status would qualify him to file or "commence" this action without prepaying, in full, the statutory filing fee. However, 28 U.S.C. § 1915(g), as amended, provides:

> In ***no event*** shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Accordingly, the Court has a responsibility to determine that a plaintiff has not brought actions, on three or more occasions, which have been dismissed as frivolous, malicious or for failure to state a claim before permitting that plaintiff to proceed with an action in forma pauperis. *Id.*

Pettus is well aware of 28 U.S.C. § 1915(g) ("the "three strikes" rule). Plaintiff has had the "three strikes" rule enforced against him in each of the three other districts within New York State. *See Pettus v. Clarke*, 05-CV-1439 (S.D.N.Y. 2005), *Pettus v. Clarke, et al.*, 03-CV-2254 (E.D.N.Y. 2003), and *Pettus v. West, et al.*, 05-CV-6006 (W.D.N.Y. 2005).

A review of the District Court's docket reveals that on two previous occasions, while incarcerated or detained, Pettus brought actions in this District that were **dismissed as frivolous and/or for failure to state a claim upon which relief may be granted**.[3]  *See Pettus v. Selsky*, 9:04-CV-0627,

---

[3] The Court notes that the New York State Office of the Attorney General recently submitted to this District that **of the 52 actions Pettus has brought in district courts, 20**

Dkt. No. 7 at 3, *Pettus v. Zimms*, 9:04-CV-0802, Dkt. No. 4 at 5.

The Court has reviewed these two actions and has reviewed many of Plaintiff's actions filed in other districts. The Court has reviewed the complaints and Orders issued in those cases, and agrees that in each instance, Plaintiff's actions were frivolous and/or failed to state a claim upon which relief may be granted.

When a court becomes aware of three prior strikes only after granting *in forma pauperis* status, it is appropriate to revoke that status and bar the complaint under § 1915(g). *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). Accordingly, absent demonstrating an exception to §1915(g), Pettus' *in forma pauperis* status is hereby revoked.

## B. "Imminent Danger" Exception

"The 'imminent danger' exception contained in the final phrase of § 1915(g) was enacted by Congress to create 'a safety valve...to prevent impending harms[.]...'" *Pettus v. Mangano*, 2005 WL 1123761 (E.D.N.Y. 2005) (quoting *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002)). Thus, the "imminent danger" exception is meant to allow courts to protect plaintiffs

---

**have been dismissed for reasons that constitute strikes**. *See Pettus v. Brown et al.*, 9:06-CV-0152, Dkt. No. 18 at 4. Plaintiff is also reported to have had eight appeals to the Second Circuit dismissed for reasons that constitute strikes.

against impending harm.  *Malik*, 293 F.3d at 563.  The "imminent danger" exception applies only to impending harms at the time a plaintiff files the complaint and not to those harms which already occurred.  *Id.*

Pettus is aware of the "imminent danger" exception and states that he is "suing the above defendant's pursuant to 1915(g) 'imminent danger.'" Dkt. No. 12 at 6.  Pettus alleges that the assault caused his already failing health to "worsen to the point of permanent damage."  *Id.*

Pettus' allegations, and amended complaint as a whole, are not sufficient to meet the "imminent danger of serious physical injury" exception to 28 U.S.C. § 1915(g).  As noted above, Pettus' claims involve an isolated incident which occurred nearly two years ago.  Further, this alleged assault occurred while Pettus was confined at Elmira Correctional Facility.  Pettus had been transferred to Great Meadow Correctional Facility prior to the commencement of this action.  *See* Dkt. No. 1 at 1.  Thus, Pettus was not facing imminent danger at the time he filed his complaint.

Accordingly, the Court revokes its decision to grant *in forma pauperis* status.  If Pettus wishes to proceed with this action, he must **pay the full filing fee of $350.00 within thirty (30) days** from the filing date of this Order.  If Pettus submits the $350.00 filing fee in full within thirty (30) days, the Clerk

will be directed to issue summonses naming the current defendants and forward them to Pettus so that he may arrange for service.  If Pettus fails to comply with the foregoing, the Clerk will enter judgment dismissing this action without further Order of this Court.

WHEREFORE, it is hereby

ORDERED, that "John Doe," "Shane Bouchard," "June E. Burtt," "Cynthia Ervolina," "Valeria Glover," "C. Carr," "Maureen Hartman," and "AAG's" be dismissed as defendants in this action, and it is further

ORDERED, that the Clerk revise the docket to add "S. Ebert," "G. Hartman," "C.O. White," "G. Ham," and "D. Hawkins" as defendants in this action, and it is further

ORDERED, that Pettus' *in forma pauperis* status is **REVOKED** because Pettus has brought on three or more occasions, actions which have been dismissed under 28 U.S.C. §1915(g), and because he is not in imminent danger of serious physical injury, and it is further

ORDERED, that if Pettus wishes to proceed with this action, he must **pay the full filing fee of $350.00 within thirty (30) days** from the filing date of this Order, and it is further

ORDERED, that if Pettus fails to **pay the full filing fee of $350.00**

**within thirty (30) days** from the filing date of this Order, the Clerk will enter judgment dismissing this action without further Order of this Court due to Pettus' failure to comply with the terms of this Order, and it is further

ORDERED, that upon Pettus' full compliance with the terms of this Order, the Clerk shall issue summonses naming the current defendants and forward them to Pettus, and it is further

ORDERED, that the Clerk notify the Superintendent of the facility designated by Pettus as his current location that: (1) Pettus' *in forma pauperis* status has been revoked, (2) the authorization form filed in this action should be vacated, and (3) any encumbrance placed on Pettus' inmate account pursuant to the authorization form is to be removed, and it is further

ORDERED, that the Clerk serve a copy of this Order on Pettus.

IT IS SO ORDERED.

March 8, 2007
Albany, New York

*[signature]*
United States District Court Judge